[Cite as *Horton v. Dept. of Transp.*, 2010-Ohio-6325.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CALVIN HORTON

      Plaintiff

      v.

DEPT. OF TRANSPORTATION

      Defendant

      Case No. 2010-03479-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Calvin Horton, filed this action against defendant, Department of Transportation (ODOT), contending his vehicle was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining a hazardous condition on State Route 301 in Medina County. Specifically, plaintiff related a tire and rim on his semi-truck trailer were damaged when it "hit a piece of concrete (that) broke out of (the) road." Plaintiff submitted photographs depicting the particular damage-causing roadway defect which appears to be a portion of a cracked concrete slab that had been set in the center of the northbound lanes of State Route 301. Plaintiff recalled the described incident occurred on February 3, 2010 at approximately 8:30 p.m. In his complaint, plaintiff seeks damage recovery in the amount of $503.82, the total cost of replacement parts. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant conducted an investigation and determined that the damage-causing incident occurred at milepost 2.5 on State Route 301 in Medina County. Defendant related ODOT "did not receive notice of the subject condition prior to the time

in question." Defendant stated, "ODOT believes that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant specifically denied that ODOT personnel had any knowledge of a debris condition at milepost 2.5 on State Route 301 prior to the described February 3, 2010 property damage occurrence. Defendant asserted plaintiff did not produce any evidence to establish the length of time the debris condition was on the roadway prior to 8:30 p.m. on February 3, 2010. Defendant also asserted that plaintiff did not offer any evidence to show the damage-causing debris condition was attributable to any conduct on the part of ODOT. Defendant explained ODOT personnel conducted "snow plowing activities throughout the day on February 3, 2010, in Medina County but they were treating the roadways with salt" and snowplow blades were not used to remove snow from the roadway due to a light snowfall. Defendant further explained an ODOT employee was sent to the roadway area on State Route 301 where he discovered "cracked/broken concrete" on the roadway and a "chunk of concrete removed and laying on the other side of the ditch line." Defendant contended plaintiff failed to offer evidence to establish the roadway was negligently maintained.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.* 99 Ohio St. 3d 79, , 2003-Ohio-2573, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 79, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Additionally, defendant has the duty to exercise reasonable care for the motoring public when conducting snow removal operations. *Andrews v. Ohio Department of Transportation* (1998), 97-07277-AD.

{¶ 5} Ordinarily in a claim involving roadway defects, plaintiff must prove either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no proof defendant had actual notice or constructive notice of any debris condition despite the fact ODOT crews were in the area on February 3, 2010.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Evidence is inconclusive whether or not the damage-causing debris condition was originally created by defendant's personnel.

{¶ 7} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National*

*Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 8} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing debris condition was connected to any conduct under the control of defendant, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

{¶ 9} Finally, plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the debris his vehicle struck.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CALVIN HORTON

Plaintiff

v.

DEPT. OF TRANSPORTATION

Defendant

Case No. 2010-03479-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Calvin Horton
41450 Smith Road
Wellington, Ohio  44090

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
8/4
Filed 8/31/10
Sent to S.C. reporter 12/17/10